UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

        Plaintiff,

v.                                                                          CASE NO. 12-CV-11907
                                                                            HON. NANCY G. EDMUNDS
GORDON J. QUIST and
TERRANCE E. MAY,

        Defendants.

_____/

## ORDER OF DISMISSAL

### I.  INTRODUCTION

Plaintiff Darren Johnson is a state prisoner at Oaks Correctional Facility in Manistee, Michigan.  He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  The defendants are United States District Judge Gordon J. Quist of the Western District of Michigan and United States Probation Officer Terrance E. May of Grand Rapids, Michigan.

The complaint alleges that, on January 27, 2009, defendant's probation officer issued a warrant for Plaintiff's arrest based on allegations made by state officials.  Plaintiff was scheduled for a supervised release hearing in federal court on the following day, but he was detained and deprived of his freedom until after the hearing was held on March 5, 2009.  State officers and a detective testified against Plaintiff at the hearing, and he was subsequently transferred to state custody on a writ.

Plaintiff alleges that there were no state charges pending against him when the warrant was issued and that his probation officer (presumably defendant Terrence May)

misled the courts, provided erroneous information to the courts, and failed to substantiate the claims against Plaintiff.  Plaintiff further alleges that the federal judge (presumably Judge Quist) failed to determine whether the warrant and writ were legitimate.  Plaintiff seeks to have the State "make [him] entirely whole" and "to re-establish [his] life, liberty, and the pursuit of happiness . . . ."  Compl. at 3.

## II.  STANDARD OF REVIEW

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action.  The Court must dismiss an indigent prisoner's civil complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-56).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Because Plaintiff has sued two federal officials, the Court construes his claim as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403

2

U.S. 388, 389 (1971) (holding that a plaintiff may bring an action for money damages against a federal official for allegedly unconstitutional conduct).  "In order to state a cause of action under *Bivens*, the plaintiff must allege facts which show that the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002), and *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997)).

## III.  DISCUSSION

Although the defendants acted under color of federal authority in this case, "judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per *curiam* ), and *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988)). Judges also enjoy immunity from a suit for injunctive relief.  *See* 42 U.S.C. §1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").  And probation officers are entitled to quasi-judicial immunity.  *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007).

Probation Officer May was performing his official duties when investigating whether Plaintiff was complying with the terms of supervised release, and Judge Quist was acting in his judicial capacity when he conducted a hearing to determine whether Plaintiff violated the terms of supervised release.  Thus, both defendants are immune from suit.

Furthermore, Plaintiff is challenging the fact that he is confined in state custody. He has no right to money damages for allegedly unconstitutional imprisonment unless the order or judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

*Heck* applies to *Bivens* actions, *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998), and success in this action would necessarily demonstrate the invalidity of the decision to detain Plaintiff in state custody. For this additional reason, Plaintiff's claims are frivolous and fail to state a plausible claim for relief.

Accordingly, the complaint is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 10, 2012

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

2:12-cv-11907-NGE-MAR   Doc # 7   Filed 07/10/12   Pg 5 of 5   Pg ID 26